FILED
Clerk
District Court

SEP 13 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| STEVEN PARKS,<br><br>  Plaintiff<br><br>  v.<br><br>EDWARD CAMACHO, in his official and personal capacities, *et al.*<br><br>  Defendants | Civil Action No. 04-0013<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND/OR TO ALTER OR AMEND AWARD OF ATTORNEY'S FEES |

THIS MATTER came before the court on defendants' motion for reconsideration and/or to alter or amend the award of attorney's fees. In the interests of conserving the resources of the court and the parties, the court will decide the motion without the necessity of an opposition from plaintiff or oral argument.

The court's local rules no longer provide for a motion for reconsideration. When they did, oral argument was not allowed unless specifically requested by the court. For all motions, even those regularly scheduled, oral argument is always at the

discretion of the court. Here, for reasons explained in his declaration, counsel for defendants missed the original hearing and could not present his oral argument. However, counsel's opposition was thorough and well-written and oral argument would not have added materially to the court's understanding of the facts and law already before it. Counsel has not represented that he has anything new of substance that would be presented were the court to again schedule oral argument and, accordingly, his motion for renewed oral argument is denied.

"Motions for reconsideration" are motions brought for relief from judgment or order, pursuant to Fed.R.Civ.P. 60(b). Rule 60(b) sets out the grounds upon which relief may be sought. To the extent that defendants' counsel argues mistake, inadvertence, surprise or excusable neglect, that claim goes only to his failure to appear for oral argument and does not meet the substantive requirements of Rule 60(b)(1). Neither newly-discovered evidence nor fraud is alleged, leaving only subsection (b)(6)---"any other reason justifying relief"---as a ground for relief.

Defendants argue that the court erred by awarding more than plaintiff had indicated he was willing to accept in settlement of attorney's fees. It was and remains the court's conclusion, supported by plaintiff's motion, that plaintiff's attorneys' willingness to accept a fee less than the actual time they had expended was a compromise offer predicated on a quick resolution of the attorney's fees issue and prompt payment by defendants. To the extent that plaintiff in his reply to defendants'

opposition indicated a willingness to accept an award based on lower hourly rates, that suggestion was made *if* the court thought the original hourly rates requested were unreasonable. The court did not and does not find the hourly rates unreasonable in this community for the skills and experience brought to bear in this litigation. *Defendants' motion to lessen the attorney's fee award is denied.*

IT IS SO ORDERED.

DATED this 13th day of September, 2005.

*/s/ Alex R. Munson*
ALEX R. MUNSON
Judge