ORIGINAL

David Lochabay
Office of the Attorney General
2d. Floor, Juan A. Sablan Memorial Bldg.
Caller Box 10007, CHRB
Saipan, MP 96950
Tel: (670) 664-2341
Fax: (670) 664-2349
attorneygeneral@saipan.com

Attorneys for Defendants

FILED
Clerk
District Court

OCT 1 2 2005

For The Northern Mariana Islands
By_____
    (Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| STEVEN PARKS, | ) CIVIL ACTION NO. 04-0013 |
| Plaintiff, | ) |
| VS. | ) |
| | ) NOTICE OF APPEAL |
| EDWARD CAMACHO, in his official and personal capacities; DEPARTMENT OF PUBLIC SAFETY, ELIAS SARALU, and DOES 1-10, | ) |
| Defendants. | ) |

Notice is hereby given that Edward Camacho, in his official and personal capacities; the Department of Public Safety (an agency of the government of the Commonwealth of the Northern Mariana Islands), and Elias Saralu, individually, Defendants in the above named case, hereby appeal to the United States Court of Appeals for the Ninth Circuit from the <u>Notice of Order Granting Motion for Award of Attorney's Fees and Certain Costs</u> entered in the action on September 1, 2005.

Dated this __12__ day of October, 2005.

_____
David Lochabay
Asst. Attorney General
Office of the Attorney General
Attorneys for Defendants

F I L E D
Clerk
District Court

SEP 0 1 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| STEVEN PARKS, ) | Civil Action No. 04-0013 |
| Plaintiff ) | |
| v. ) | NOTICE OF ORDER GRANTING MOTION FOR AWARD OF ATTORNEY'S FEES AND CERTAIN COSTS |
| EDWARD CAMACHO, *et al.* ) | |
| Defendants ) | |

THIS MATTER came before the court on Thursday, September 1, 2005, for hearing of plaintiff's motion for an award of attorney's fees. Plaintiff appeared by and through his attorney, David G. Banes; defendants filed an opposition but no one appeared at the hearing to argue.

THE COURT, having considered the written and oral arguments of counsel, adopted its tentative ruling to grant the motion, for the following reasons:

By the terms of the Settlement Agreement and Release, the parties stipulated

AO 72
(Rev. 8/82)

ENTERED
09/08/2005

38

that this court would retain jurisdiction to enforce the terms of the settlement agreement and to "determin[e] the amount of Plaintiff's attorney's fees, if any." The fee applicant bears the burden of documenting the appropriate hours expended in the litigation. As anticipated by the settlement agreement, plaintiff has submitted evidence in support of the hours he worked. Hensley, 461 U.S. at 433, 103 S.Ct. at 1939. Defendants have filed their opposition.

This lawsuit sought relief for plaintiff under 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* In brief, the complaint alleged that plaintiff is a person with pronounced emotional and mental disabilities, which have led to almost forty encounters with local police (but no prosecutions) and are severe enough to have warranted psychiatric hospitalization several times. It further alleged that, due to their many encounters with him, defendants knew or should have known of plaintiff's disabilities and alcoholism and should have dealt with him appropriately. The complaint further alleged that plaintiff has suicidal tendencies and a predilection for self-mutilation, that defendants were aware of it, and that had they properly frisked plaintiff after taking him into custody, they would have discovered the cutting tool he later used to injure himself. The lawsuit sought general damages, punitive damages, and a mandatory injunction requiring defendants to train personnel and implement procedures to ensure proper treatment in the future of persons with emotional and mental disabilities. The settlement agreement was limited

2

to assisting plaintiff to travel to the mainland United States to enter an appropriate medical facility. Defendants did not admit liability.

Because the settlement agreement reserved to the court the jurisdiction to enforce its terms and to award attorney's fees, and because plaintiff's counsel achieved a "material alteration of the legal relationship between the parties"[1] by obtaining for plaintiff access to the treatment he requires and which is not available locally, the court concludes that plaintiff is a "prevailing party" entitled to an award of attorney's fees within the meaning of 42 U.S.C. § 1988. *See eg* Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570 (1980)

The bedrock law regarding attorney's fees in civil rights cases was enunciated in Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983), and Farrar v. Hobby, 506 U.S. 103, 113 S.Ct. 566 (1992). Hensley established several important principles regarding attorney's fees. The first is that a prevailing plaintiff should ordinarily be entitled to recover attorney's fees unless special circumstances make such an award unjust. Hensley, 461 U.S. at 430, 103 S.Ct. at 1937. Second, that a reasonable attorney's fee will usually be the hours reasonably expended multiplied by a

---

[1] Texas State Teachers Ass'n. v. Garland Independent School Dist., 489 U.S. 782, 792-793, 109 S.Ct. 1486 (1989).

3

reasonable hourly rate (*i.e.* the "lodestar" amount).[2] Hensley, 461 U.S. at 434, 103 S.Ct. at 1939. Third, that it is the duty of the attorney seeking fees to submit evidence of the hours worked and the fee rate claimed; absent such a submission, the court may reduce the fee. *Id.* Fourth, that "results obtained" is particularly crucial when plaintiff "prevails" on only some of his claims. *Id.*, 461 U.S. at 435-436, 103 S.Ct. at 1940. And, fifth, work of unrelated, unsuccessful claims will not be compensated. *Id.*

Farrar further refined the elements which must be kept in mind when assessing a request for attorney's fees. First, the Supreme Court reiterated that the most critical factor for the court to consider regarding an award of fees is the degree of success obtained. Farrar v. Hobby, 506 U.S. 103, 111 (1992) ("[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff"). A plaintiff who wins only nominal damages is still a prevailing party. *Id.* at 112. Second, although an attorney fee calculated as hours reasonably expended multiplied by the attorney's reasonable rate is the norm, this approach may result in an excessive fee where plaintiff has achieved only partial or limited success on the claims.

---

[2] The lodestar formula supplies the baseline, which in most cases results in an adequate award of fees and costs. Here, no fee multiplier was requested, so the court need not consider adjusting the "lodestar" figure using the factors set forth in Kerr. *See* Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied* 425 U.S. 951, 96 S.Ct. 1726 (1976).

4

Farrar, 506 U.S. at 114, 113 S.Ct. at 574. Third, in fixing fees under the civil rights attorney's fees provision, the court must give primary consideration to the amount of the damages awarded (this lawsuit was settled by the parties for $3,300.00) as compared to the amount sought (general damages of at least $100,000.00, punitive damages, and a mandatory injunction). Further, "[w]here recovery of private damages is the purpose of...civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Id.* citing Riverside v. Rivera, 477 U.S. 561, 585 (1989). Fourth, the court is to determine a reasonable fee under the circumstances of the case. Farrar, 506 U.S. at 115-116, 113 S.Ct. at 575. Finally, the court must recognize that, in some cases, even a plaintiff who formally prevails on civil rights claims should receive no fee at all. *Id.*

In the Ninth Circuit, there is a strong presumption that the lodestar amount represents a reasonable fee. *See e.g.* Morales v. City of San Raphael, 96 F.3d 359, 363 (9th Cir. 1996); Harris v. Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994). Given this presumption, it is often the case that many of what have come to be called the Kerr factors, *supra*, are subsumed in the lodestar calculation. Cunningham v City of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1988) *cert. denied*, 493 U.S. 1035, 110 S.Ct. 757 (1990). However, two of the Kerr factors deserve special mention here. First, this was an unusually difficult plaintiff. He has a history of severe mental and emotional

5

disabilities---complicated by alcoholism---which often manifest themselves in plaintiff's attempts to injure or kill himself. Two public advocacy agencies declined to represent him. Also, defendants are members of the police and public safety community. In this small community, all of the parties involved presumably know each other, making the lawsuit that much more difficult to prosecute. Finally, the court continues to recognize that there is an acute need for attorneys to take meritorious yet difficult and taxing lawsuits involving unpopular or undesirable causes or persons.

The court finds that plaintiff, as the prevailing party, is entitled to an award of reasonable attorney's fees and that to deny an award of fees would be unjust. Plaintiff's counsel has fulfilled his duty of submitting evidence of the hours spent on this matter. Having reviewed the summary of hours spent and the reasons for spending the time, the court finds the total hours claimed to be reasonable under the circumstances of this case. Additionally, the court finds the hourly rates claimed are reasonable within this community for attorneys of the experience and acumen involved in this case. Finally, the court believes that the results obtained for this plaintiff were significant and probably life-saving. Due to counsel's tenacity, plaintiff was finally able to begin receiving the treatment he needs. The degree of success achieved for plaintiff was substantial, even though the dollar amount was relatively small and involved expenses for plaintiff to travel to the mainland for treatment.

Finally, as alluded to above, the court finds the fees reasonable under the difficult circumstances of this case. Accordingly, for all these reasons,

IT IS ORDERED that plaintiff shall have an award of attorney's fees as follows: Attorney Robert O'Connor - 1.15 hours at $280.00 per hour = $322.00; Attorney David G. Banes - 50.6 hours at $240.00 per hour = $12,144.00; Attorney Joseph Horey - 1.0 hours at $230.00 per hour = $230.00; Attorney Eric Bozman - 39.92 hours at $180.00 per hour = $7,185.60; Law Clerk Catherine Chang-Sanders - 9.2 hours at $175.00 per hour = $1,610.00; Paralegal Auralou Sabangan - 9.75 hours at $120 per hour = $1,170.00; and, Law Clerk Jacob Ouslander - 29.35 hours at $120.00 per hour = $3,522.00. The total of all fees awarded is $26,183.60.

Pursuant to 28 U.S.C. § 1920, plaintiff is awarded the following costs: $150.00 for the filing fee and $17.31 for mileage, for a total award of costs of $167.31. Other costs claimed are either not allowed by statute or are not properly documented.

IT IS SO ORDERED.

DATED this 1st day of September, 2005.

_____
ALEX R. MUNSON
Judge

AO 72
(Rev. 8/82)